IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENERGY ALCHEMY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARY CRUZ d/b/a MI DIA CAFE, <br><br> Defendant. | Case No. 3:23-cv-00815 |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Energy Alchemy, Inc. ("Plaintiff"), by and through its undersigned attorneys, files this Complaint for Trademark Infringement against Defendant Mi Dia Cafe ("Defendant"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff's claims arise out of Defendant's infringement of Plaintiff's incontestable U.S. Trademark Reg. No. 4,071,689 for the word mark MI DIA and its common law mark for the slogan FROM SCRATCH (collectively, the "MI DIA Marks"), which Plaintiff has used since at least 2011 in connection with the provision of restaurant services.

2. Despite being made aware of the MI DIA Marks and the strong goodwill associated therewith, Defendant is using Plaintiff's MI DIA Marks in connection with the provision of its own restaurant services under the names Mi Dia Cafe Mexican Restaurant and Mi Dia Cafe From Scratch Mexican Restaurant.

3. Defendant has used the MI DIA Marks on its restaurant signage, website, social media pages, and other advertising and promotional materials, in order to identify and build goodwill in its brand. Such use is harmful to both Plaintiff and the consuming public.

4. Defendant's use of the MI DIA Marks has caused and is likely to continue to cause confusion with Plaintiff's use of the MI DIA Marks.

5. Defendant's use also has caused and is likely to continue to cause consumer confusion, mistake, and/or deception as to the source, origin or association of its services. This is particularly true given the strength of the MI DIA Marks, Defendant's use of substantially identical marks, and the fact that both parties operate restaurants that serve Mexican food in the same geographical location. In light of the strong goodwill that the MI DIA Marks have obtained throughout the Dallas area and nationwide, consumers are likely to believe that Defendant is, among other things, an affiliate of Plaintiff due to its use of the MI DIA Marks for the same services, when, in fact, that is not the case.

6. For these reasons, and as explained further below, Plaintiff seeks preliminary and permanent injunctive relief to stop Defendant's infringing activity, as well as monetary damages to compensate Plaintiff for the harm suffered as a result of Defendant's use of the MI DIA Marks in connection with the promotion and offering of restaurant services in violation of Plaintiff's prior rights in its MI DIA Marks.

**PARTIES**

7. Plaintiff Energy Alchemy, Inc. is a Texas corporation with its principal place of business at 1301 Municipal Way, Suite 160, Grapevine, Texas 76051.

8. Upon information and belief, Mi Dia Cafe is a Texas sole proprietorship, owned and operated by an individual named Mary Cruz, with its principal place of business at 422 W. Pioneer Drive, Irving, Texas 75061.

## JURISDICTION AND VENUE

9. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

10. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is doing business in the state of Texas and in this District, and because of Defendant's systematic and continuous contacts with the state of Texas and this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other reasons, Defendant resides in and is doing business in this District.

## FACTUAL BACKGROUND

### Plaintiff's Restaurant Services and Marks

12. Since at least 2011, Plaintiff has operated restaurants using the MI DIA Marks in the Dallas, Texas area.

13. Plaintiff currently owns and operates three MI DIA restaurant locations in Grapevine, Plano, and Flower Mound, Texas.

14. Plaintiff's MI DIA restaurants serve Mexican food, blending traditional Mexico City recipes with modern Santa Fe and Tex Mex flavors.

15. In 2010, Plaintiff applied for a federal trademark registration for MI DIA for use in connection with restaurant services. On December 13, 2011, the United States Patent and Trademark Office registered the MI DIA mark as U.S. Trademark Reg. No. 4,071,689, a copy of which is attached as Exhibit A.

16. The registration set forth in Exhibit A constitutes prima facie evidence of Plaintiff's ownership of and exclusive rights to use the MI DIA mark in connection with restaurant services and any services confusingly similar thereto.

17. Plaintiff also uses the FROM SCRATCH slogan is connection with the operation and promotion of its restaurant services.

18. Plaintiff owns and has maintained its federal and common law trademark rights in the MI DIA Marks by virtue of its continuous bona fide use in commerce of the MI DIA Marks in connection with its restaurant locations in the Dallas area and nationwide via its website, www.midiafromscratch.com, its social media pages, and other promotional materials. A printout of Plaintiff's website is attached as Exhibit B.

19. An image of Plaintiff's MI DIA Marks as used on its Grapevine restaurant signage is shown below:



20. An image of Plaintiff's MI DIA Marks as used on its website is shown below:



21. The MI DIA Marks are well known and have attained significant consumer recognition in the marketplace due to the popularity and high quality of Plaintiff's Tex-Mex food and restaurant services.

22. In 2018, Plaintiff's MI DIA restaurant location in Grapvine was recognized by USA Today as a top 10 winner in its Readers' Choice 2018 travel award contest for "Best Tex-Mex in Texas." *See* Exhibit C.

**Defendant's Restaurant Services and Marks**

23. On information and belief, in late 2021, a decade after Plaintiff began using the MI DIA Marks in commerce, Defendant opened a restaurant in Irving, Texas called Mi Dia Cafe Mexican Restaurant.

24. Like Plaintiff, Defendant serves Mexican food at its Mi Dia Cafe Mexican Restaurant.

25. Defendant uses the MI DIA Marks to promote its services on its restaurant signage and on the Internet via its website, https://mi-dia-cafe-from-scratch.business.site/, its social media pages, and other promotional materials. A printout of Defendant's website is attached as Exhibit D.

26. An image of Defendant's restaurant with its MI DIA CAFE signage is shown below:



27. An image from Defendant's website is shown below:



**Actual Consumer Confusion**

28. Plaintiff recently became aware that Defendant was operating a restaurant using its MI DIA Marks when it received reports directly from its customers. Plaintiff has received calls from its customers regarding reservations made to Defendant's restaurant, thinking that they were making reservations with Plaintiff's restaurants.

29. Confused consumers also are posting reviews online about the wrong restaurant, and Defendant is aware of this actual confusion. For example, a customer recently posted a review on Google Reviews about Plaintiff's restaurant, and a representative of Defendant responded to the post to explain: "After reading your review, unfortunately you have the wrong restaurant. We are Mi Dia Cafe from Scratch Mexican Restaurant In Irving TX." *See* Exhibit E.

30. This actual consumer confusion in the marketplace is not surprising given the similarities between Plaintiff's and Defendant's businesses and marks. Both Plaintiff and Defendant operate restaurants in the same geographic area, both serve Mexican food, both promote

7

their services using the MI DIA name on their restaurant signage and online, and both consistently use the FROM SCRATCH slogan to promote the quality and freshness of their Mexican food.

### Pre-Lawsuit Notice of Infringement

31. On January 20, 2023, Plaintiff, by and through its attorney, sent a first letter to notify Defendant of its wrongful use of Plaintiff's registered MI DIA mark and of the actual consumer confusion that is occurring in the marketplace. In the letter, Plaintiff demanded that Defendant cease using Plaintiff's registered MI DIA mark. A copy of Plaintiff's first letter is attached hereto as Exhibit F.

32. On February 7, 2023, Plaintiff, by and through its attorney, sent a second letter to inform Defendant that Plaintiff would prefer to resolve this matter amicably but that it was prepared to seek legal action to enjoin Defendant from using the MI DIA Marks. A copy of Plaintiff's second letter is attached hereto as Exhibit G.

33. On February 17, 2023, Plaintiff, by and through its attorney, sent a third letter to inform Defendant that Plaintiff still would prefer to resolve this matter amicably but that it was taking action to enforce its trademark rights by taking down Plaintiff's social media accounts. A copy of Plaintiff's third letter is attached hereto as Exhibit H.

34. To date, Defendant has disregarded Plaintiff's letters and has refused to stop using Plaintiff's MI DIA Marks.

### Harm to Plaintiff

35. Over the past decade, Plaintiff has made a significant investment in securing its rights in the MI DIA Marks and in building the MI DIA and FROM SCRATCH brands for its restaurants.

36. Defendant's knowing and intentional use of the MI DIA Marks attempts to trade-off of the goodwill and brand recognition associated with Plaintiff's MI DIA Marks, which have been long established in the restaurant industry.

37. Defendant's knowing and intentional use of the MI DIA Marks has damaged and irreparably injured, and, if permitted to continue, will further damage and irreparably injure, Plaintiff, the MI DIA Marks, and Plaintiff's reputation and goodwill associated with the MI DIA Marks.

## COUNT I
### Trademark Infringement Under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a)

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. Without Plaintiff's consent, Defendant has used, continues to use, and is likely to use in commerce Plaintiff's incontestable U.S. Trademark Reg. No. 4,071,689 for the word mark MI DIA, as described above, in connection with provision and promotion of restaurant services, which is likely to cause confusion, or to cause mistake, or to deceive consumers, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

40. Upon information and belief, Defendant's acts of trademark infringement are knowing, intentional, and willful.

41. As a direct and proximate result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

42. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse consumers and cause irreparable harm to Plaintiff.

43. Plaintiff is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

44. Because Defendant's conduct is willful, Plaintiff is also entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

45. Plaintiff re-alleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant's actions described above relating to use of the MI DIA Marks are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of Defendant, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the MI DIA Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47. Upon information and belief, Defendant's unauthorized use of Plaintiff's MI DIA Marks and Defendant's false advertising are knowing, intentional, and willful.

48. As a direct and proximate result of Defendant's acts of unfair competition and false advertising, Plaintiff is suffering irreparable harm.

49. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of unfair competition and false advertising, and will continue to deceive the public and cause irreparable harm to Plaintiff.

50. Plaintiff is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

51. Because Defendant's conduct is willful, Plaintiff is also entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## Common Law Trademark Infringement and Unfair Competition

52. Plaintiff re-alleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff's MI DIA Marks are eligible for protection, Plaintiff is the senior user of the MI DIA Marks, and there is likelihood of confusion between Plaintiff's MI DIA Marks and the substantially identical MI DIA and FROM SCRATCH trademarks that Defendant is using.

54. By making unauthorized use of Plaintiff's MI DIA Marks, Defendant is committing trademark infringement in violation of Texas common law and other applicable common law.

55. Defendant's unauthorized use of Plaintiff's MI DIA Marks is knowing, intentional, and willful.

56. As a result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

57. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, and will continue to confuse the public and cause irreparable harm to Plaintiff.

58. Plaintiff is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement and unfair competition, reasonable attorneys' fees, and the costs of the action.

## COUNT IV
## Trademark Infringement Under Tex. Bus. & Com. Code § 16.102, *et seq.*

59. Plaintiff re-alleges paragraphs 1 through 58 as though fully set forth herein.

60. Plaintiff owns the MI DIA Marks, which are valid under common law, and Plaintiff's MI DIA mark is also registered under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

61. Defendant's unauthorized use of Plaintiff's MI DIA Marks is likely to deceive or cause confusion or mistake as to the source or origin of Defendant's goods or services in violation Texas statutory law, Tex. Bus. & Com. Code § 16.102, *et seq.*

62. Defendant's unauthorized use of Plaintiff's MI DIA Marks is knowing, intentional, and willful.

63. As a result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

64. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, and will continue to confuse the public and cause irreparable harm to Plaintiff.

65. Plaintiff is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement, reasonable attorneys' fees, and the costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant, granting Plaintiff the following relief:

A. That this Court grant preliminary and permanent injunctions enjoining the aforesaid acts of trademark infringement, unfair competition, false advertising, and injury to business reputation by Defendant, its owners, executives, officers, agents, servants, employees, and attorneys, and those acting in concert with them, including related individuals and entities, affiliates, customers, representatives, suppliers, dealers, and distributors, as follows: (1) requiring

them to promptly remove from their signage, websites, social media pages, and from any advertising materials, promotional materials, packaging, menus, publications, and any other displays of the MI DIA Marks or any confusingly similar names or marks; (2) prohibiting them from using or advertising any names or marks which incorporate elements of, or which are confusingly similar to, the MI DIA Marks or any confusingly similar names or marks; (3) prohibiting them from manufacturing, selling, shipping, distributing, offering, promoting, or displaying any products or services using the MI DIA Marks or any confusingly similar names or marks; (4) prohibiting them from otherwise competing unfairly with Plaintiff by trading-off Plaintiff's goodwill and business reputation or by infringing or misappropriating the MI DIA Marks or any confusingly similar names or marks; (5) prohibiting them from stating or suggesting, in any advertising materials, promotional materials, or other materials or communications, that they or their products or services are associated with, related to, approved by, or sponsored by Plaintiff; and (6) prohibiting them from injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's MI DIA Marks;

      B.      That this Court enter an award to Plaintiff of Defendant's profits, all damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.102, *et seq.*;

      C.      That this Court render a finding that this case is exceptional and award to Plaintiff treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code § 16.102, *et seq.*; and

      D.      That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: April 18, 2023                              Respectfully submitted,

By: */s/ Amy E. LaValle*
Amy E. LaValle
Texas State Bar No. 24040529
alavalle@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 (*facsimile*)

*Counsel for Plaintiff Energy Alchemy, Inc.*