IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENERGY ALCHEMY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-00815-K |
| | § | |
| MARICRUZ SAGRERO NAMBO, | § | |
| d/b/a MI DIA CAFÉ; JESUS | § | |
| SAGRERO NAMBO, d/b/a MI | § | |
| DIA CAFÉ; MARTA SAGRERO, | § | |
| d/b/a MI DIA CAFÉ, | § | |
| | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this matter, the Court ordered Defendants Maricruz Sagrero Nambo,[1] Jesus Sagrero Nambo, and Marta Sagrero to appear in-person at a hearing on an Amended Motion to Withdraw as Counsel filed by Defendants' counsel. Order Setting Hearing 1 (ECF No. 44). After Defendants failed to appear, the Court granted the motion and ordered Defendants to show cause in writing why they should not be sanctioned for their failure to comply with court orders. Order Granting Am. Mot. Withdraw (ECF No. 53); Order to Show Cause 1 (ECF No. 54). The Court warned Defendants that failure to comply with the Order to Show Cause would result in sanctions. Order to Show Cause 1–2. Defendants did not respond

---

[1] Defendants Maricruz Sagrero Nambo and Jesus Sagrero Nambo appear as "Mary Cruz" and "Jesus Sagrero" on all filings before March 27, 2024.

1

to the Court's Order to Show Cause. Accordingly, the Court recommends that Defendants be sanctioned. Specifically, the Court recommends that the District Judge strike Defendants' Answer (ECF No. 23).

## Background

Plaintiff Energy Alchemy, Inc. filed this civil action more than one year ago, on April 18, 2023. *See* Compl. (ECF No. 1). On February 8, 2024, Defendants' counsel Allen Landerman and Jeffrey R. Hacker filed a Motion to Withdraw as Attorney after Defendants purportedly terminated their representation. Mot. Withdraw 1 (ECF No. 36). The Court denied the motion without prejudice because (1) the motion did not "specify the reasons requiring withdrawal" pursuant to Local Rule 83.12(a); (2) the certificate of conference did not comply with Local Rule 7.1; and (3) there was an inconsistency in a Defendant's name. Order Denying Mot. Withdraw (ECF No. 37). Defendants' counsel then filed an Amended Motion to Withdraw as Attorney and Plaintiff filed its Response. Am. Mot. Withdraw (ECF No. 38); Pl.'s Resp. (ECF No. 40).

After the District Judge referred the Amended Motion to Withdraw to the Magistrate Judge, the Court set the motion for a hearing on March 15, 2024. Mot. Referral (ECF No. 43); Order Setting Hearing 1. The Court ordered Defendants and lead counsel for all parties to appear in person for the hearing. Order Setting Hearing 1. The Court also ordered that Defendants' counsel serve Defendants with a copy of the Order Setting Hearing and file proof of service with the Court. *Id.*

On March 15, Defendants failed to appear. There is no question that Defendants received the Court's Order and had notice of the March 15 hearing. Attorney Landerman explained to the Court that the private process server had attempted service three times, the last of which involved Mr. Sagrero refusing to accept service. Hearing Transcript 4–5 (ECF No. 66). Mr. Landerman further explained that he had emailed the Order Setting Hearing to Defendants and coordinated a ride for them to get to the hearing. *Id.* at 6.

The Court granted the Amended Motion to Withdraw and entered its Order to Show Cause requiring Defendants to show good cause in writing why they should not be sanctioned for their failure to appear at the hearing. Order Granting Am. Mot. Withdraw 1; Order to Show Cause 1. The Court admonished Defendants that "even though they are proceeding *pro se*, they are charged with certain responsibilities, including [that] Defendants must timely comply with any order issued by this Court[.]" Order Granting Am. Mot. Withdraw 3. The Court expressly warned Defendants that failure to comply with the Order to Show Cause could result in sanctions, specifically those authorized by Rule 37(b)(2)(A)(ii)-(vii): prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating the failure to obey the order as contempt of court. Order to Show Cause 1–2.

3

## Legal Standards

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Federal Rule of Civil Procedure 16 provides that a court may issue sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A), (C). Appropriate sanctions may include: ". . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). Moreover, courts have inherent authority to enforce their orders by issuing sanctions for noncompliance. *Rosseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005). *See also Johnson v. Hankook Tire Am. Corp.*, 449 F. App'x 329, 332 (5th Cir. 2011) (per curiam); *Brown v. Emerson Elec. Co.*, 1999 WL 511801, at *1 (5th Cir. July 1, 1999) (per curiam) (finding sanctions appropriate where party failed to comply with court order and failed to attend hearing); *Farasat v. RP Managing Partners, LLC*, 2014 WL 1778918 (N.D. Tex. May 2, 2014) (Lindsay, J.) (accepting Magistrate Judge's recommendation to order sanctions striking defendant's

answer and directing the Clerk to enter default when defendant was repeatedly non-compliant with the Court's orders).

## Analysis

In view of the record in this case, the Court finds that Defendants failed—without excuse—to appear as ordered for the March 15, 2024, hearing on the Amended Motion to Withdraw as Counsel and failed to respond to the Order to Show Cause by April 15, 2024. There is nothing before the Court to suggest that Defendants' non-compliance resulted from mistake or inadvertence. Instead, the record shows that Defendants were aware of their responsibilities to the Court and chose to disregard them.

Further, because Defendants terminated their representation, they are now *pro se* and directly responsible for their failure to comply. The Court's Order to Show Cause gave Defendants fair warning that their non-compliance would result in sanctions. As such, the Court concludes that Defendants' violations of the Court's orders warrant the sanction of striking Defendants' Answer under Rule 16(f)(1) and Rule 37(b)(2)(A)(iii).

## Recommendation

The District Judge should sanction Defendants for failing to comply with Court orders by striking their Answer under Rule 16(f)(1) and Rule 37(b)(2)(A)(iii).

Signed October 17, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).