IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENERGY ALCHEMY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0815-K |
| | § | |
| MARY CRUZ d/b/a MI DIA CAFÉ, | § | |
| JESUS SAGRERO d/b/a MI DIA CAFÉ, | § | |
| MARTA SAGRERO d/b/a MI DIA | § | |
| CAFÉ, and JUAN SAGRERO NAMBO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Energy Alchemy, Inc.'s Motion to Fix Attorneys' Fees and Costs (Doc. No. 81). Having carefully considered the Motion, the record in this matter, and the applicable law, the Court **GRANTS in part and DENIES in part** the Motion.

**I.  Background**

The detailed procedural and factual background of this matter is included in the Court's previous Memorandum Opinion and Order (Doc. No. 79) granting in part and denying in part Plaintiff's motion for summary judgment and Memorandum Opinion and Order (Doc. No. 78) (together, the "Opinions") granting part and denying in part Plaintiff's motion for default judgment. In the Opinions partially granting Plaintiff's

requested relief, Plaintiff succeeded on its claims for the "MI DIA" mark under the Lanham Act and Texas common law and the Court permanently enjoined Defendants Maricruz Sagrero Nambo, Jesus Sagrero Nambo, Marta Sagrero, and Juan Sagrero Nambo (together, "Defendants") from using Plaintiff's "MI DIA" mark or any confusingly similar variant in connection with its restaurant. Doc. No. 78 at 1-2; Doc. No. 79 at 1-2. The Court denied Plaintiff's requested relief as to its claims for the "FROM SCRATCH" mark under the Lanham Act and the Texas common law and for trademark infringement under Texas statutory law. *See generally id.* The Court also found the case is exceptional and ordered Defendants to pay Plaintiff attorneys' fees and costs. Doc. No. 78 at 25-27; Doc. No. 79 at 23-25. Plaintiff, thereafter, filed this Motion.

## II. Applicable Law

Courts in the Fifth Circuit use the lodestar method for calculating reasonable attorneys' fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court first "determine[s] the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* The court then calculates the "lodestar" amount by "multiply[ing] the reasonable hours by the reasonable hourly rates." *Id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). However, the court may consider whether the

lodestar amount should be adjusted in light of certain additional factors. *See Kellstrom*, 50 F.3d at 324.

"[T[he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To that end, "courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Kellstrom*, 50 F.3d at 324 (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). An affidavit from a participating attorney may be sufficient to establish the fees being sought. *Smith & Fuller*, 685 F.3d at 490.

III.   Analysis

The Court has carefully reviewed the Motion, the supporting declarations and detailed time records, the record of this matter, and the applicable law. The Court turns first to Plaintiff's request to recover fees incurred by certain timekeepers other than lead counsel Amy LaValle and John Arnott—James R. Ennis, research attorney; Angela Ortiz, legal practice assistant/paralegal; M. Elena Benavente, paralegal; Sonya L. Rose, paralegal; and Sheryl Haywood, paralegal. The requested fees for these individuals total $2,688.00. The Court **denies** Plaintiff's request for these fees because the request is not supported by evidence before the Court.

First, there is no documentation from which the Court can determine that the hourly rates of those timekeepers are reasonable, such as their experience and comparable rates in this legal market. Further, the time sheets reflect work done by these individuals, but it appears that certain work, particularly that done by Ms. Haywood, was merely clerical. *See Velo v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical."). Accordingly, the Court finds there is insufficient proof of the reasonableness of the hours expended by and the hourly rates of James R. Ennis, Angela Ortiz, M. Elena Benavente, Sonya L. Rose, and Sheryl Haywood. *See Hensley*, 461 U.S. 424 (1983) ("[T[he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *Kellstrom*, 50 F.3d at 324 ("[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."). Accordingly, the Court **denies** Plaintiff attorneys' fees of $2,688.00 for these timekeepers.

The Court now addresses the attorneys' fees incurred by Amy LaValle and John Arnott. First, the Court finds that rates charged by Ms. LaValle and Mr. Arnott are reasonable. The declarations of Ms. LaValle and Mr. Arnott, both partners, sufficiently document their hourly rates in this market. Ms. LaValle billed at a reduced hourly rate of

$450 and Mr. Arnott's reduced hourly rate was $485 (in 2023) and $495 (in 2024). Based on this Court's own experience, these hourly rates are reasonable. Further, Ms. LaValle's and Mr. Arnott's hourly rates are inline with those previously found to be reasonable by this Court and other courts in the Dallas Division of the Northern District of Texas. *See, e.g., ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, Civ. Action No. 20-CV-1712-K, 2025 WL 1646592, at *7 (N.D. Tex. June 9, 2025)(Kinkeade, J.) (finding $544 to $1065/hour for partners to be reasonable); *Plunkett v. FirstKey Homes LLC*, Civ. Action No. 3:23-CV-2684-L-BN, 2024 WL 5315330, at *10 (N.D. Tex. Nov. 21, 2024)(Horan, M.J.)(finding $775/hour for lead counsel to be reasonable), *adopted by*, 2024 WL 5075065, (N.D. Tex., Dec. 11, 2024)(Lindsay, J.); *Hill v. Schilling*, Civ. Action No. 3:07-CV-2020-L, 2022 WL 1321548, at *6 (N.D. Tex. May 3, 2022)(Lindsay, J.) (finding $730-$830/hour for partners to be reasonable); *Adv. Physicians, S.C. v. Connecticut Gen. Life Ins. Co.*, Civ. Action No. 3:16-CV-02355-G-BT, 2021 WL 6428370 at * 6 (N.D. Tex. Dec. 17, 2021)(Rutherford, M.J.)(finding $537 to $862/hour to be reasonable).

The Court further finds that hours expended by Ms. LaValle and Mr. Arnott are reasonable. *See* Doc. Nos. 81-1 (LaValle Declaration) & 81-2 (Arnott Declaration). The hours expended in this matter were substantial, but this is understandable in light of the amount of necessary activity pre-litigation and then once suit was filed as well as the subject matter of this litigation. Based on the documentation, the hours expended by Ms. LaValle

(201.1 hours) and Mr. Arnott (42.1 hours), totaling 243.2 hours, are reasonable. The Court does, however, find that this time should be reduced because appropriate billing judgment is lacking.

"[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.*; *see Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Here, there is no evidence that any time was written off by Ms. LaValle or Mr. Arnott, and, therefore, no demonstration that appropriate billing judgment was exercised. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan*, 448 F.3d at 799. An attorney's reduction of their fees by 10% has been found to be sufficient evidence of billing judgment. *ICM US Operating*, 2025 WL 1646592, at *8. Therefore, the Court finds a reduction of 10% of the hours expended to be appropriate here. Reducing the hours expended by 10% results in 181.0 hours for Ms. LaValle and 37.9 hours for Mr. Arnott.

Based on the Motion and supporting documentation, the Court finds the lodestar amount to be calculated as follows—181 hours for Ms. LaValle at $450 an hour and for

ORDER – PAGE 6

Mr. Arnott 21.2 hours (in 2023) at $485 an hour and 16.7 hours (in 2024) at $495 an hour, for a total of $100,448.50. This lodestar amount is presumptively reasonable. The Court has also considered the *Johnson* factors and concludes that none warrant adjusting the lodestar. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 n. 18(5th Cir. 2006) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("[M]any of the *Johnson* factors 'are subsumed within the initial calculation' of the lodestar" amount, therefore "such modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898-901 (1984)).

For these reasons, the Court awards Plaintiff attorneys' fees in the amount of **$100,448.50**.

Plaintiff also seeks to recover its costs of suit totaling $2,998.93. A prevailing party in a civil action is entitled to recover its costs unless the court otherwise directs. *See* Rule 54(d)(1); *see also* 28 U.S.C. § 1920 (identifying recoverable costs). Plaintiff established through record evidence that it has incurred these fees. *See* Doc. No. 81-1 at 2, ¶ 10 & Ex. A; Doc. No. 81-2 at 2, ¶¶ 8-9 & Exs. A & B. The Court finds these costs are recoverable and, therefore, awards Plaintiff its costs of **$2,998.93**.

Finally, Plaintiff requests that Defendants are jointly and severally liable for the award of attorneys' fees and costs. "A court may impose joint and several liability in setting fees." *Walker*, 99 F.3d at 772. Plaintiff suffered a "single indivisible injury" and, on this record, it does not appear that the imposition of joint and several liability will result in inequitable results. *Id.* at 772-73. In its discretion, the Court imposes joint and several liability on Defendants for this award of attorneys' fees and costs.

## IV. Conclusion

The Court **GRANTS in part** Plaintiff's Motion to Fix Attorneys' Fees and Costs (Doc. No. 81). For the foregoing reasons, the Court awards Plaintiff **$100,448.50 in attorneys' fees against Defendants jointly and severally**. The Court awards Plaintiff costs of **$2,998.93 taxed against Defendants jointly and severally**.

**SO ORDERED.**

Signed January 8th, 2026.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE